## THE ANCHORIA.

*(District Court, S. D. New York. March 29, 1885.)*

ADMIRALTY PRACTICE—EXCEPTIONS—FINAL HEARING—COSTS.

The hearing of exceptions to a pleading in admiralty, where the exceptions are in the nature of a special demurrer, or a motion to make more definite and certain, is not such a "final hearing in equity or admiralty," under section 824 of the Revised Statutes, as to entitle a party to a docket fee or costs.

In Admiralty.

*Scudder & Carter* and *Geo. A. Black*, for libelants.

*Hill, Wing & Shoudy*, for the Anchoria.

BROWN, J. The libelants having excepted to the answer for want of sufficiency, fullness, and distinctness, the exceptions were sustained, and the defendant was directed, as provided by rule 28 in admiralty, to answer more fully. On the settlement of the order the libelants claimed costs of the hearing upon the exceptions. Rule 28, promul-

gated in 1844, authorized the court to require the defendant "to pay such costs as the court shall adjudge reasonable." The subsequent fee bill of 1853, as modified by section 823 of the Revised Statutes, provides, however, that "the following and no other compensation shall be taxed to attorneys," etc., "except in cases otherwise expressly provided by law." Among the fees made taxable by the following sections there are no costs provided for the hearing of a motion merely. The only language applicable is the provision for a docket fee "on a final hearing in equity or admiralty," under section 824. In the case of *Wooster* v. *Handy*, 23 FED. REP. 49, Mr. Justice BLATCHFORD has recently carefully considered what constitutes a final hearing sufficient to entitle the party to tax a docket fee. In conclusion, it is said that "there must be a hearing of the cause on its merits; that is, a submission of it to the court in such shape as the parties choose to give it, with a view to a determination whether the plaintiff or libelant has made out the case stated by him in his bill or libel as the ground for the permanent relief, which his pleading seeks, on such proofs as the parties place before the court,—be the case one of *pro confesso*, or bill, or libel and answer, or pleadings alone, or pleadings and proofs."

From this it is clear that unless the hearing be one upon which it is competent for the court to make either a final or an interlocutory decree binding the parties upon the merits, it is not such a "final hearing" as authorizes an allowance of costs; but where the hearing is of that character, such a fee may be awarded. This is in accordance with what, since 1853, has been the practice of this court upon the hearing of exceptions to a libel or an answer. Where the exceptions go to the whole cause of action, or to the sufficiency of the libel or answer, and are such as in common law pleading would be equivalent to a general demurrer, the practice has been to allow a docket fee to the successful party. Such a hearing is in effect a final hearing upon the cause presented by the pleadings and exceptions. In such cases it is discretionary with the court whether it will permit any amendment or not; and if none is permitted, a final decree would follow. The fact that the court may permit further pleading on the payment of the costs, does not make the previous hearing any less a final one as respects the cause of action already heard before the court. This rule was applied by Judge BETTS upon exceptions to a libel involving the merits in the case of *Whitlock* v. *The Thales*, February term, 1859, in which the exceptions were overruled and a docket fee was allowed to the libelant, and the defendant was permitted to answer. It was applied by BENEDICT, J., in the case of *Aumach* v. *S. S. Creole*, November 24, 1865, upon exceptions to the libel for insufficiency, where the exceptions were sustained, and a decree ordered for the claimant, with liberty to the libelant to file an amended libel on payment of costs.

The exceptions in this case are not to the merits, or to the general

sufficiency of the libel; but are in the nature of a special demurrer, or of a motion to make the pleadings more definite and certain. Upon exceptions of this limited character, rule 28, before referred to, directs what order the court shall make; namely, to require the defendant "forthwith to answer the same." As this rule is a specific direction to the court, I think the court would not be fairly authorized or warranted, under the more general provisions of rules 30 and 32, to proceed *pro confesso* against the defendant in the first instance for default of "due answer." But should a default be afterwards entered for the defendant's contumacy in not obeying an order entered under rule 28, there is no doubt a docket fee could then be taxed. *Wooster* v. *Handy, supra; Hayford* v. *Griffith,* 3 Blatchf. 79; *The Bay City,* 3 FED. REP. 48; *In re Trundy,* 18 FED. REP. 607.

A hearing on exceptions like the present is, therefore, in no sense a final hearing; and the practice which has previously obtained, in not awarding costs on such hearings, must be adhered to.